NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 26 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GAVRIEL GREEN, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> CITY OF TALENT, doing business as Talent Police Dept.; STAR COLLISION CENTER, INC., doing business as Star Body Works; COUNTY OF JACKSON, Municipal corporation AKA Jackson County Justice Court also known as Jackson County Justice Court; PORTFOLIO RECOVERY ASSOCIATES, LLC, <br><br> Defendants - Appellees. | No. 25-1696 <br><br> D.C. No. 1:24-cv-01873-MC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted June 22, 2026[**]

Before:    CANBY, BENNETT, and BADE, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Gavriel Green appeals pro se the district court's judgment dismissing his action alleging federal and state law claims arising from a traffic stop. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). We affirm.

The district court properly dismissed Green's action because Green failed to allege facts sufficient to state any plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *see also Florida v. Jimeno*, 500 U.S. 248, 251 (1991) (setting forth the standard for determining a suspect's consent to search under the Fourth Amendment); *Miranda v. City of Cornelius*, 429 F.3d 858, 865 (9th Cir. 2005) ("The violation of a traffic regulation justifies impoundment of a vehicle if the driver is unable to remove the vehicle from a public location without continuing its illegal operation.").

The district court did not abuse its discretion by denying Green's motion for reconsideration. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Federal Rules of Civil Procedure 59(e) and 60(b)).

We reject as unsupported by the record Green's contention of judicial bias.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**